1

2

3

4

5

6       **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE DISTRICT OF ARIZONA**

8

9

10   Michael Dwayne McGee          )
                                    )          No. CV 04-2245-PHX-MHM (JJM)
           Petitioner,              )
11                                  )          **REPORT AND**
     vs.                            )          **RECOMMENDATION**
12                                  )
                                    )
13   C.J De Rosa, Warden, et al.,   )
                                    )
14         Respondents.             )
     _____      )

15

16         On October 20, 2004, Petitioner Michael Dwayne McGee filed a Petition for Writ of

17   Habeas Corpus.  Pursuant to the November 10, 2004 Order issued by District Judge Mary

18   H. Murguia, the Petition was referred to Magistrate Judge Jacqueline Marshall for a report

19   and recommendation.

     **Background**

20

21         McGee is an inmate at the FCI in Phoenix, Arizona.  *See* Exhibit 1.  He is currently

22   serving a 247 month sentence to be followed by 5 years of supervised release based upon

23   conviction in the Southern District of Mississippi for Conspiracy to Possess with Intent to

24   Distribute Cocaine in violation of 21 U.S.C. § 841 (a)(1).

25         On March 14, 2004, three weeks after being placed into cell 124 at the Federal

26   Correctional Institution ("FCI") in Phoenix, Arizona, a random search was conducted by

27   Officer Hoffman in the cell McGee shared with two other inmates.  *See* Exhibit 3 at V.

28   During the search a ten-inch, unsharpened metal rod was found in the main light fixture.  *Id.*

1  McGee was charged with Possession/Manufacture/Introduction of a weapon in violation of

2  Code 104 of the Federal Bureau of Prisons Regulations. *Id.*

3        Advanced written notice of the charge was given to McGee on March 15, 2004. *See*

4  Exhibit 3 at I(a). Two days later he was advised of his rights before the Disciplinary Hearing

5  Officer ("DHO"). *Id.* at I(C). On March 22, 2004, McGee appeared before the DHO where

6  he waived his right to staff representation and did not request any witnesses. *Id.* at II.

7  McGee argued that he did not know about the weapon and had just moved into the cell. *Id.*

8  at III(A). The DHO found McGee guilty of violating Code 104 and took away one day of

9  good conduct time and placed him into 30 days of disciplinary segregation. *Id.*

10        Pursuant to 28 C.F.R. § 542.15, McGee appealed the DHO's findings to the Western

11  Regional Office and the General Counsel. The DHO'S findings were upheld by both

12  agencies. McGee now brings a Petition for Writ of Habeas Corpus claiming a violation of

13  his due process rights.

14  **Discussion**

15        McGee has met the burden requiring him to exhaust federal administrative remedies

16  prior to bringing a petition for a writ of habeas corpus. Prior to bringing a petition for a writ

17  of habeas corpus, federal prisoners are required to exhaust all federal administrative

18  remedies. *Tatum v. Christensen*, 786 F.2d 959, 964 (9th Cir. 1986); *Fendler v. U.S. Parole*

19  *Commn.*, 774 F.2d 975, 979 (9th Cir. 1985); *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir.

20  1986) (per curium). Exhausting administrative remedies from a Federal Correctional

21  Institution requires an appeal to the Warden, the Regional Director and the General Counsel.

22  28 C.F.R. § 542.14. First, a complaint to the Warden must be made. If unsatisfied with the

23  Warden's response, the prisoner may appeal to the Regional Director "within twenty (20)

24  calendar days of the date of the Warden's response." 28 C.F.R. § 542.15. If still unsatisfied,

25  an appeal to the General Counsel's Office must be made "within thirty (30) calendar days

26  from the date of the Regional Director's response." *Id.*

27        Here, McGee pursued timely appeals to both the Regional Director and General

28

1  Counsel's Office.  *See* Exhibits 4, 5.  Because timely appeals have been made and neither

2  party disputes the issue, McGee has met his exhaustion requirements.

3          Habeas corpus relief is potentially available for McGee because he is protected by the

4  due process clause and was sanctioned with the loss of good time credit.   Prisoners may

5  claim the protections of the due process clause and they may not be deprived of life, liberty,

6  or property without due process of law.  *Id.* at 556. (citing *Haines v. Kerner*, 404 U.S. 519

7  (1972); *Wilwording v. Swenson*, 404 U.S. 249 (1971); *Screws v. United States*, 325 U.S.

8  91(1945)).  In *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)  the Supreme Court held that

9  loss of "good-time credits" was a deprivation of liberty which required due process

10  protections because the loss of credits could lengthen confinement.  McGee was sanctioned

11  one day of good-time credit following his conviction of Possession/Manufacture/

12  Introduction of a Weapon in violation of Code 104.  He argues that the loss of good-time

13  credit was made in violation of his due process rights.  Since a valid liberty interest is at stake

14  and McGee is protected by due process, this claim is ripe for habeas review.

15          Although McGee argues he was unprepared to defend himself, he was given every

16  right required by due process to defend himself at the proceeding before the DHO.  Due

17  process requires that inmates facing prison disciplinary hearings which may result in the

18  deprivation of a liberty interest be given at least 24 hours advanced written notice of a

19  claimed violation, the opportunity to call witnesses, and the opportunity to present

20  documentary evidence in defense of the charges.  *Wolff,* 418 U.S. at 563-567.

21          McGee was given advanced written notice of the charge against him on March 15,

22  2004, one week before the hearing was held.  *See* Exhibit 3, I at (A) and (B).  McGee was

23  given the opportunity to request witnesses but declined to do so.  *See* Exhibit 3, III (C).  The

24  evidence submitted by McGee in the disciplinary hearing consisted only of a personal

25  statement claiming he had just moved into the cell.  He presented no documentary evidence

26  although that option was available, as well.  *Id.* at (B) and (D).  McGee therefore was granted

27  every procedure required under due process.

28

1       In reviewing a decision made by a prison disciplinary board, the only requirement is

2   that "some evidence" exist to support the board's finding.  While due process protects against

3   arbitrary actions in prison disciplinary proceedings, it does so to a lesser extent than it does

4   in criminal prosecutions.  *Ponte v. Real*, 471 U.S. 491, 495 (1985); *Superintendent*

5   *Massachusetts Correctional Institute v. Hill*, 472 U.S. 445, 454-455 (1985).  Because McGee

6   is appealing the decision of a prison disciplinary hearing, the Court must determine whether

7   there was "some evidence" in the record to support the DHO's finding.

8       Although McGee shared the cell with two other inmates and the metal rod was found

9   in a common area accessible to all three inmates, the record is "not so devoid of evidence that

10  the findings of the disciplinary board were without support or otherwise arbitrary."  *Hill*, 471

11  U.S. at 457.  In *Hill*, the Supreme Court found that "some evidence" existed where a guard

12  testified to hearing a commotion, and upon investigating the commotion found an assaulted

13  inmate and the three accused individuals fleeing down a walkway.  Because the evidence

14  presented does not have to logically preclude any conclusions other than the one reached by

15  the disciplinary board, the revocation of good-time credit for the three inmates was upheld

16  even though there was no evidence making a logical inference that any specific one of the

17  three inmates committed the assault.  *Id.* at 457.  Thus, the purpose of the "some evidence"

18  standard is not to ensure that logical inferences can be made in disciplinary board findings,

19  but to ensure that there is evidence to support disciplinary board findings so that they are not

20  made arbitrarily. *Id.*

21      While not necessarily a fair result under traditional standards for criminal

22  prosecutions, there was clearly "some evidence" in the record to support the prison

23  disciplinary board's finding against McGee.  The essential evidence relied upon by the DHO

24  was that McGee had been living in the cell for over three weeks, that Officer Hoffman

25  searched the cell and found a ten-inch metal rod, and that the metal rod was determined to

26  be capable of being used to inflict serious bodily injury to another.  *See* Exhibit 3 at V.  As

27  McGee had only lived in the cell for three weeks and he shared the cell with two other

28

1    inmates, he is correct that other logical inferences can be made regarding the metal rod.

2    However, the Court is required only to determine whether there is some evidence to support

3    the DHO's finding.  The Court finds that the evidence cited by the DHO satisfies that

4    standard.

5    **Recommendation**

6         Based on the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule – Civil

7    72.1(b), Rules of Practice of the United States District Court, District of Arizona, the

8    Magistrate Judge **recommends** that the District Court, after an independent review of the

9    record, issue an Order **denying** the Petition for Writ of Habeas Corpus [Docket No. 1].  The

10    Magistrate Judge **further recommends** that all motions pending in this action be **dismissed**

11    **as moot**.

12    This Recommendation is not an order that is immediately appealable to the Ninth Circuit

13    Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

14    Procedure, should not be filed until entry of the District Court's judgment.

15         However, the parties shall have ten (10) days from the date of service of a copy of this

16    recommendation within which to file specific written objections with the District Court.  *See*

17    28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

18    Thereafter, the parties have ten (10) days within which to file a response to the objections.

19    If any objections are filed, this action should be designated case number: **CV 04-2245-PHX-**

20    **MHM**.   Failure to timely file objections to any factual or legal determination of the

21    Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of

22    the issues.  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

23         DATED this 30th day of November, 2005.

24

25                         Jacqueline Marshall

26                         United States Magistrate Judge

27

28