IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dwayne McGee,<br><br>　　　　Petitioner,<br><br>vs.<br><br>C.J. De Rosa, Warden, et. al.,<br><br>　　　　Respondents, | No. CV-04-2245-PHX-MHM (JJM)<br><br>**ORDER** |

Petitioner pro se has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). The matter was referred to United States Magistrate Judge Jacqueline Marshall who has issued a Report and Recommendation that recommends that the Petition should be denied and that all pending motions should be denied as moot. (Doc. 13). Petitioner has not filed written objections to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the legal analysis in the Report and Recommendation de novo. See 28 U.S.C. § 636(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which objections are filed. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

////

## DISCUSSION

Petitioner has challenged punishment imposed pursuant to a disciplinary proceeding while he was confined as an inmate at FCI in Phoenix, Arizona. Petitioner was incarcerated at FCI-Phoenix based on a criminal conviction obtained in the Southern District of Mississippi. At the time of the incident underlying the disciplinary action, Petitioner had been housed in cell 124 for three weeks. Petitioner shared the cell with two other inmates. On March 14, 2004, prison officials conducted a random search of the cell and found a ten-inch, unsharpened metal rod in the main light fixture. Petitioner was charged with possession/manufacture/introduction of a weapon in violation of Code 104 of the Federal Bureau of Prisons Regulations. Petitioner timely received notice of the charges, was advised of his rights before the Disciplinary Hearing Officer ("DHO") and was afforded an opportunity to call witnesses. On March 22, 2004, Petitioner appeared before the DHO and waived his right to staff representation and did not request any witnesses. Petitioner claimed that he was not aware of the weapon and had just moved into the cell. The DHO found Petitioner guilty of the disciplinary charge. As a result of this finding, one day of good conduct time was taken away and Petitioner was placed into disciplinary segregation for 30 days. Petitioner exhausted his administrative remedies before filing his petition for writ of habeas corpus.

Petitioner contends in the habeas petition that he was deprived of due process as a result of the loss of one day of good conduct credit and because he was unprepared to defend himself. As the Magistrate Judge has discussed in the Report and Recommendation, Petitioner was afforded notice of the charge one week before the hearing and given an opportunity to request witnesses but declined to do so. The resulting disciplinary finding was based on "some evidence" since Petitioner was housed in the cell where the weapon was found even though he shared the cell with two other inmates. See Superintendent Massachusetts Correctional Institute v. Hill, 472 U.S. 445, 457 (1985).

////

**Accordingly**,

**IT IS ORDERED** that the Court adopts the Magistrate Judge's Report and Recommendation (Doc. 13) as the Order of the Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied.

**IT IS FURTHER ORDERED** that Petitioner's motion for case status (Doc. 10) is denied as moot.

DATED this 24th day of March, 2006.

_____
Mary H. Murguia
United States District Judge